FT. SMITH LIGHT & TRACTION COMPANY *v.* CARR.

Opinion delivered March 31, 1906.

1.  TRIAL—INSTRUCTION—SUFFICIENCY OF OBJECTION.—Where, as one of several elements of damage in a personal injury case, the jury were told to award "the pecuniary loss, if any is shown by the testimony, sustained by reason of plaintiff's inability to attend his business or profession," a general objection was insufficient to call attention to the fact that there was no proof of such pecuniary loss. (Page 283.)

2.  APPEAL—HARMLESS ERROR.—Error of the court, in an action against a street-railway company for injuries received in collision with a car, in submitting to the jury the issue as to the incompetency of the motorman, there being no evidence on that question, was not prejudicial if the jury were instructed that such incompetency should not be considered unless it contributed to plaintiff's injury. (Page 283.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, Andy Carr, sues to recover damages caused by being knocked down and injured by one of the street cars of the defendant, Fort Smith Light & Traction Company, operated along the streets of the city of Fort Smith.

The injury occurred about eleven o'clock at night. The plaintiff boarded a crowded street car at a park where a public entertainment was in progress, for return to his home in the city. He stood on the rear platform of the car, and when it approached the street crossing near his home the lights on the car became extinguished for some cause. Without signaling for the car to be stopped, he swung himself off the rear steps on the left side next to the parallel or return track. After alighting he went upon the other track, and was struck by a rapidly moving car going in the direction opposite from that which he had alighted. The lights on that car had also become extinguished, and the testimony is conflicting as to whether or not the gong was sounded.

The complaint sets forth the following charges of negligence on the part of the defendant in the operation of the car by which plaintiff was injured, viz.:

"1.    That the car which ran over plaintiff was being oper-

ated by an incompetent motorman, known to be such by defendant, or such incompetency might have been known by the exercise of ordinary prudence upon its part.

"2. That said car was not in proper condition for being run and moved in the night, because it had no headlight or other light upon it so that plaintiff could see its approach, or so its motorman could see persons on the street who might be about the track or attempting to cross same in time to stop the car from running upon them.

"3. That said car was running at a dangerous speed, and the motorman did not have same under control.

4. That the motorman did not, when approaching the street crossing where plaintiff was injured, give any alarm or signal of its approach, either by sounding a whistle or bell.

"5. That the motorman was not on the lookout for or watching for pedestrians who might be on or near the track and about to cross the street.

"6. That he ran car upon plaintiff without giving him notice or warning of its approach, and without observing the presence of plaintiff near the track and about to cross same, when he could have observed the presence of plaintiff by the exercise of ordinary care on his part, if the headlight on the said car had been lighted.

"7. That the motorman did not, when the lights went out on the said car, stop the car until the lights were restored, but continued to run same at a high rate of speed, and that it was unsafe and dangerous to pedestrians on the street to run the cars without lights.

"8. That the motorman did not, when the lights went out, slacken the speed or apply the brakes to the car so as to have same under control."

The defendant in its answer specifically denied all the charges of negligence, and alleged that by alighting from the wrong side and wrong end of the moving car in violation of the rules of the company, of which, it is alleged, plaintiff had notice, and by going upon the parallel track without looking and listening for an approaching car, the plaintiff was himself guilty of negligence which caused or contributed to his own injury.

There was evidence introduced by the defendant tending to

establish the fact that the rear gates of cars were required to be kept closed, and that they were closed on this occasion, and that there was a rule of the company requiring passengers to signal the motorman and to depart from the front end of the car, so that the motorman could stop the car and control the departure of passengers. Other evidence tended to show that the rear gates were open on this occasion, and that the observance of this rule was not required on occasions such as this when the car was crowded, or when a conductor was in charge of the car.

The plaintiff testified that, when he approached the crossing where he was accustomed to alight, the lights of the car went out, he got down on the steps, and, facing the direction in which the car was going, looked for an approaching car on the parallel track, and, seeing none and hearing no sound of one, swung himself down upon the ground, and walked a few steps in the same direction, and, still not seeing or hearing an approaching car, he attempted to cross the track, when he was suddenly and unexpectedly struck by the car and knocked down. He further testified that the car was not lighted, and that the gong was not sounded nor the alarm given.

The evidence was conflicting as to whether or not the rear gates of the car were closed, and plaintiff testified that they were open.

The contention of the defendant was that plaintiff was guilty of negligence in getting off the rear end of the moving car on the side next to the parallel track without looking and listening for a car approaching on the other track and under circumstances that he could not hear the noise of a car, and that the momentum of his jump or step from the moving car carried him on the other track when he was immediately struck—that the car was so close when he went upon the track that his presence could not be discovered in time to avoid the collision. Evidence was introduced tending to support that contention, but those points were all disputed, and the evidence was conflicting.

There was evidence from which the jury might have found that the car on the other track was from 100 to 150 feet distant when plaintiff alighted from the car and went onto the parallel track. The evidence warranted a finding that there was no light upon the car, that the gong was not sounded, that the speed of

the car was excessive, and that the motorman did not have the car under control of the brakes.

The jury returned a verdict in favor of the plaintiff, fixing an amount not claimed to be excessive.

*Mechem & Mechem,* for appellant.

1. Because of plaintiff's contributory negligence, shown by the evidence, the court erred in refusing to direct a verdict for the defendant. 62 Ark. 163; *Ib.* 245; 70 Pac. 345; 47 Atl. 872; 39 Atl. 294; 95 N. W. 161; 33 So. 577; 46 Pac. 136; 27 Atl. 1067.

2. The court erred in instructing the jury as to negligence which there was either no evidence or insufficient evidence to support. 71 Ark. 351; 70 Ark. 441; 9 Wall. 557; Thompson, Trials, § 2315; 66 N. W. 667.

*Ira D. Oglesby,* for appellee.

1. Appellant failed to properly save exceptions to the instructions. No specific objections were interposed. At night it is the duty of the company to maintain headlights on their cars. 90 Mich. 413. While it is the duty of pedestrians to use ordinary care for their own safety, it is also the duty of the company to use proper diligence in approaching and crossing streets to prevent injury to such pedestrians. 26 Am. St. Rep. 512; 62 *Id.* 421. If plaintiff did not look before attempting to cross, whether or not it was negligence on his part was properly submitted to the jury by the court's instructions; while those given at request of defendant declared it to be negligence *per se* not to look—an erroneous statement of the law. 75 S. W. 699; 78 S. W. 681; *Ib.* 1080; 66 N. E. 615; 58 S. W. 337; 11 Am. St. Rep. 87; 55 *Ib.* 623; 62 *Ib.* 421.

McCULLOCH, J., (after stating the facts.) It is earnestly insisted by learned counsel for appellant that the court should have taken the case from the jury by a peremptory instruction to return a verdict in favor of the defendant, on the ground that the plaintiff was guilty of contributory negligence. We do not, however, think that, under the evidence presented, it was a case for the court to say as a matter of law that the plaintiff was guilty of negligence. If it be conceded that it was negligent for plaintiff to alight from the moving car under

the circumstances shown, that was not the proximate cause of the injury. He was not injured in alighting from the car or by reason of having done so in the manner shown. If he was guilty of negligence at all which contributed to the injury, it was by going upon the railway track without observing the proper precautions of looking and listening for the approach of cars. This question was fully submitted to the jury on instructions asked by both parties, and there was evidence to justify the verdict of the jury. The plaintiff testified that when he was about to alight he got on the steps of the car and stood facing the direction the car was moving, and that he looked and listened for an approaching car on the other track, and that after he alighted and before attempting to cross the track he faced the only direction from which a car might be expected and looked and listened, and that, neither seeing nor hearing the approach of a car, he attempted to cross. The evidence did not present a case of a man emerging from behind a moving car or other obstruction on to a railway track without awaiting an opportunity to look or listen for the approach of a car.

The court also properly instructed the jury upon all the other questions of contributory negligence. Taking the instructions as a whole, they were fair to the defendant, and put the case to the jury in as favorable an aspect as the law of the case warranted.

It is urged that the court erred in submitting to the jury as an element of damage the "pecuniary loss" sustained by plaintiff, when the evidence established no injury of that character. The instruction given at plaintiff's request on the measure of damages concluded with the words "and the pecuniary loss, if any is shown by the testimony, sustained by reason of inability to attend to his business or profession." There was no evidence of any such damage, but this part of the instruction should have been specifically objected to. A general objection to the instruction as a whole was not sufficient.

Counsel for appellant also contend that the court erred in submitting to the jury instructions upon all the charges of negligence in the complaint. They argue that the instructions were abstract, as there was no evidence upon which they could be based. We find that there was evidence sufficient to base instructions

upon each of the charges of negligence except the first involv-
ing the question whether the motorman who operated the car
which struck plaintiff was incompetent and known to be such by
the defendant. There was no evidence of that fact, and the
court should not have submitted that question to the jury. But
the error was not prejudicial. for the reason that the jury, by the
verdict returned, necessarily convicted the motorman of negli-
gence. A finding of incompetency of the motorman could not
have resulted in a verdict for the plaintiff, if the jury obeyed
the instructions of the court, unless they found that it contributed
to plaintiff's injury, and it could not have so contributed unless
the motorman was guilty of negligence in one of the particulars
charged. The error was therefore harmless.

Finding no prejudicial error in the record, the judgment
must be affirmed. It is so ordered.